# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:96CR7-01-MU

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **LOUIS INGRAM, Jr.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Clarification of the Record and/or Correction Pursuant to Rule 36, filed November 4, 2003; the Government's Response, filed September 30, 2004; and Defendant's Reply, filed January 14, 2005.

On November 30, 1995, judgment was entered in Defendant's state court case number 94-CRS-55655. In that case Defendant was convicted of trafficking in cocaine on or about August 18, 1994, and he was sentenced to seven years imprisonment.

On August 26, 1997, after Petitioner pled guilty, judgment was entered in the above-captioned drug conspiracy case.[1] The Judgment reflected that after granting the Government's 5K1.1 motion, Defendant was sentenced to 144 months imprisonment to run concurrently with his state sentence and two years of supervised release and to pay a $50.00 assessment.

Petitioner did not directly appeal his sentence or conviction. On May 10, 1997, however, Defendant filed a Petition for Writ of Error Coram Nobis. On June 21, 1999, after construing his

---

[1] Defendant pled guilty to conspiring to possess with intent to distribute and to distribute in excess of 1.5 kilograms of cocaine base.

filing as a motion to vacate, set aside, or correct sentence, this Court denied Defendant's Petition as untimely. On September 27, 1999, the United States Court of Appeals for the Fourth Circuit affirmed this Court's ruling.

Defendant now asks this Court to clarify or correct the record to reflect the Court's intent that he be given credit on his federal sentence for the 19 months he served on his state court judgment prior to the imposition of his federal sentence.

Defendant makes his motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure but entreats the Court to "look behind the label of [his] pro se motion to see if it may be cognizable under a different statutory framework." Rule 36 permits a federal district court to correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission. Defendant's allegations do not concern a true clerical error and Rule 36 is inapplicable.[2]

Neither the record nor this Court's personal recollection leads to the conclusion that this Court intended that Defendant receive credit for the 19 months he served on a state conviction prior to the imposition of his federal sentence. 18 U.S.C. § 3585 governs the calculation of a term of imprisonment. Section 3585(b) sets forth that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." Defendant admits that the nineteen months at issue where credited toward his state sentence. Consequently, per the plain terms of the statute, Defendant is not entitled to any relief .

---

[2] Nor may Defendant attack his sentence under 28 U.S.C. § 2255 as such a motion would be successive.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Clarification of the Record and/or Correction Pursuant to Rule 36 is **DENIED**.

Signed: June 6, 2006

Graham C. Mullen
United States District Judge